UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAELEA ANN WELLINGTON,

    Petitioner,

v.                                          Case No.  6:24-cv-1206-PGB-DCI

WARDEN, BREVARD COUNTY
JAIL COMPLEX,

    Respondent.
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner Kaelea Ann Wellington's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee proceeding *pro se*. For the following reasons, the Petition will be dismissed.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ."[1] "[A]lthough section 2241 establishes jurisdiction in the

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that

federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "'[F]ederal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" *Id.* at 226 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)).

Further, to proceed under Section 2241(c)(3), a pretrial detainee must first exhaust her remedies in state court. *Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'") (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985)). The Supreme Court has held that a state inmate is deemed to have exhausted state judicial remedies when he made a "fair presentation" of the federal claims to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Typically, to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated.

---

relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10 CV 03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

*See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Here, Petitioner complains that the probable cause affidavit is materially false, evidence was illegally obtained, trial courts can grant bond to defendants charged with capital offenses with discretionary stipulations if they do not present a threat to society, and her extended incarceration is hindering her right to due process. (Doc. 1 at 6-7.) She requests the dismissal of the charges or a reasonable bond. (*Id.* at 7.)

Petitioner is requesting the Court to dismiss the charges against her because the evidence is false or subject to suppression and her right to due process has been violated. Petitioner may not proceed on these claims because they are either a defense to the charges in her pending state criminal proceeding or matters that can be resolved by state procedures.

Moreover, Petitioner admits that she failed to exhaust her available state remedies. (Doc. 1 at 6-7.) Assuming Petitioner complains that she is entitled to bond, there is no indication that she has filed a petition for the writ of habeas corpus in the appellate court challenging the circuit court's denial of bond. *See Dollar v. State*, 909 So. 2d 399, 401 (Fla. 5th DCA 2005) ("A circuit court order denying a petition for writ of habeas corpus is reviewable in this court by direct appeal."); *Simeus v. Rambosk*, 100 So. 3d 2, 3 (Fla. 2d DCA 2011) ("A petition for writ of habeas corpus is the proper vehicle to challenge an order of pretrial

3

detention."); *Melnik v. State*, 87 So. 3d 1255 (Fla. 4th DCA 2012) (a petition for writ of habeas corpus is "[t]he proper vehicle" to challenge a "circuit court's order denying bond."). Consequently, this Court cannot review Petitioner's grounds for relief.

Finally, Petitioner requests this Court to interfere with her pending state criminal case. Because the state criminal case is ongoing, the criminal prosecution for the violation of state laws implicates an important state interest, and the state court provides Petitioner an adequate forum to raise her claims, this Court must abstain from interfering in the ongoing state court proceeding. *Kugler v. Helfant*, 421 U.S. 117, 123–24 (1975) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)).

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 12, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

4

Copies furnished to:
Unrepresented Party